UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWAME BOAHEN,<br><br>                Plaintiff,<br><br>v.<br><br>PHILIP TRIFILETTI and UPS GROUND FREIGHT, INC.,<br><br>                Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Philip Trifiletti ("Trifiletti") and UPS Ground Freight, Inc. ("UPS Freight"), by their attorneys, hereby remove this action now pending in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, to the United States District Court for the District of Connecticut. The following is a short and plain statement of the grounds for removal.

## BACKGROUND

1. On or about January 16, 2018, a Complaint (the "Complaint") was filed in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, styled "*Kwame Boahen v. Philip Trifiletti and UPS Ground Freight, Inc.*" (the "State Court Action"). (A true and correct copy of the Complaint is annexed hereto as Exhibit A.) On January 9, 2018, the Complaint was served on UPS Freight through Corporation Service Company. (A true and correct copy of the Return of Service is annexed hereto as Exhibit B.) On January 9, 2018, the Complaint was served on Trifiletti through the Office of the Commissioner of Motor Vehicles, State of Connecticut and by certified mail, return receipt requested. (Exhibit B.) Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon Defendants in this action are attached hereto.

2. The time for Defendants to answer or otherwise plead in response to the Complaint has not expired, and Defendants have not yet filed an answer or other responsive pleading to the Complaint. (Conn. Sup. Ct. Proc. in Civ. Matters § 10-8.)

3. This case arises out of a motor vehicle accident involving Plaintiff and Trifiletti, which occurred on January 12, 2016. (Exhibit A at ¶¶ 3-6.)

4. Plaintiff alleges that as a result of the accident, he sustained the following injuries, including but not limited to:

    a. Head Injury;
    b. Concussion;
    c. Headaches;
    d. Back injury;
    e. Neck injury;
    f. Bilateral shoulder injury;
    g. Bilateral leg injury; and
    h. Shock and stress to his entire nervous system,

some of which are alleged to be permanent in nature. (Exhibit A at ¶ 8.) Plaintiff claims he has been forced to incur expenses for medical care related to these injuries, including x-rays, physical therapy and other expenses. (Exhibit A at ¶ 10.)

5. Plaintiff also alleges that he has and will continue to suffer a "great pain, mental anguish, distress of mind, and a loss of enjoyment of life." (Exhibit A at ¶ 9.)

6. Plaintiff further claims emotional and financial loss because he has been "incapacitated, restricted and limited from carrying on life's usual activities" and his employment. (Exhibit A at ¶¶ 12-13.)

## NOTICE OF REMOVAL IS TIMELY

7. This Notice of Removal is timely because it is filed within 30 days of the receipt by UPS Freight and Trifiletti of the Complaint. 28 U.S.C. § 1446(b)(1). The Complaint was

2

served on UPS Freight and Trifiletti on January 9, 2018. (Exhibit B.) This Notice is being filed within 30 days of that service.

## REMOVAL JURISDICTION

8.      This Court has original subject matter jurisdiction over the State Court Action under 28 U.S.C. § 1332(a). It is therefore removable by Defendants to the United States District Court for the District of Connecticut. 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

9.      Trifiletti is a citizen and domiciliary of the Commonwealth of Pennsylvania, with his address located in Philadelphia, Pennsylvania.

10.     UPS Freight is a Virginia corporation with a principal place of business in Atlanta, Georgia.

11.     Upon information and belief, Plaintiff is a citizen and domiciliary of the State of Connecticut, with his address located in Bridgeport, Connecticut. (*See* Summons, a true and correct copy of which is annexed hereto as Exhibit C.)

12.     Accordingly, diversity of citizenship exists between the parties because the matter in controversy is between citizens of different States. 28 U.S.C. §§ 1332(a)(1) and (c)(1).

## AMOUNT IN CONTROVERSY

13.     The Complaint seeks money damages "not less than $15,000" and other "legal and equitable relief." (Exhibit A at *Ad Damnum*.) Connecticut practice does not permit a demand for a specific sum in the initial pleading. Conn. Code § 52-91. Therefore, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii).

14.     Based upon a fair reading of the Complaint, a "reasonable probability" exists that the monetary damages alleged in the Complaint exceed $75,000, exclusive of interest and costs.

*Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006); *see, e.g., Sales v. Certain-Teed Corp.*, No. 14-cv-1542, 2014 WL 6085601, at *4 (D. Conn. Nov. 13, 2014) (reasonable probability that amount in controversy requirement was met where complaint alleged, *inter alia*, serious medical issues, past and future medical expenses, loss of employment and impairment of future earnings); *Gross v. Kohl's Dep't Stores, Inc.*, No. 14-cv-298, 2014 WL 1831027, at *1 n.1 (D. Conn. May 8, 2014) (emphasis omitted) (where complaint in state court action alleged damages "greater than $15,000 exclusive of interest and costs," jurisdictional amount in controversy element was "presumed satisfied").

15. Accordingly, the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

## NOTICE TO ADVERSE PARTIES AND STATE COURT

16. A copy of this Notice shall be promptly served on Plaintiff's counsel of record and will be filed with the Clerk of the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport. 28 U.S.C. § 1446(d).

WHEREFORE, Defendants hereby remove the State Court Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: Fairfield, Connecticut
January 30, 2018

        HOLAHAN, GUMMPER & DOWLING
        *Attorneys for Defendants*

        By: /s/John M. Rowan
           John M. Rowan (CT 18696)
        1375 Kings Highway East
        Fairfield, Connecticut 06825
        Tel: (203) 384-1385
        Fax: (203) 335-3594
        E-mail: jrowan@hganddlaw.com

TO:   Paul J. Ganim, Esq.
      GANIM LEGAL, P.C.
      2370 Park Avenue
      Bridgeport, Connecticut 06604
      (203) 908-3100
      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

The foregoing was further served by U.S. Mail, postage pre-paid, to:

Paul J. Ganim, Esq.
GANIM LEGAL, P.C.
2370 Park Avenue
Bridgeport, Connecticut 06604
(203) 908-3100
*Attorneys for Plaintiff*

/s/John M. Rowan
JOHN M. ROWAN

| | | |
|---|---|---|
| RETURN DATE: JANUARY 23, 2018 | : | SUPERIOR COURT |
| KWAME BOAHEN | : | J.D. OF FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| PHILIP TRIFILETTI and UPS GROUND FREIGHT, INC. | : | DECEMBER 13, 2017 |

## COMPLAINT

### COUNT ONE:

1. The Plaintiff, Kwame Boahen, is an individual who at all times herein mentioned was a resident of the Town of Bridgeport, County of Fairfield, and State of Connecticut.

2. The Defendant, Philip Trifiletti, is an individual who at all times herein mentioned was a resident of the City of Roebling, County of Burlington, and State of New Jersey.

3. At all times herein mentioned the Plaintiff was the permissive operator of a 2011 KW T80 tractor trailer, bearing CT Registration # 56562A.

4. At all times herein mentioned the Defendant, Philip Trifiletti, was the permissive operator of a 2009 Volvo tractor trailer, bearing IN Registration # 2469585, owned by Defendant UPS Ground Freight, Inc.

5. On or about January 12, 2016 at approximately 7:14 a.m., the Plaintiff was traveling North on I-95 when his vehicle became disabled, and he parked on the right shoulder between Exits 70 and 71 in Old Lyme, Connecticut.

6. At said time and place the Defendant, Philip Trifiletti, was traveling North on I-95 in the

1

right-hand lane near Exits 70 and 71 in Old Lyme, Connecticut, when he suddenly and without warning collided with the rear driver side of the Plaintiff's motor vehicle.

7. The collision was due to the negligence and carelessness of the Defendant in one or more of the following ways:

   a. IN THAT he failed to move into the left-hand lane when passing a parked or standing vehicle in violation of C.G.S. § 14-230a;

   b. IN THAT he failed to turn his motor vehicle to the right or to the left to avoid the collision, although by proper and reasonable use of his facilities, he could and should have done so;

   c. IN THAT he failed to keep the motor vehicle he was operating under reasonable and proper control;

   d. IN THAT he failed to keep a reasonable and proper lookout and pay attention to where he was going;

   e. IN THAT he failed to sound the horn and give any other warning of the impending collision;

   f. IN THAT he failed to apply the brakes to avoid the collision, although by proper and reasonable exercise of his facilities he could and should have done so;

   g. IN THAT he failed to comply with driving safety regulations applicable to commercial driver's license (CDL) holders.

2

8. As a direct and/or proximate result of the negligence and carelessness of the Defendant, the Plaintiff sustained injuries to the following, some of which may be permanent in nature:

   a. Head injury;

   b. Concussion;

   c. Headaches;

   d. Back injury;

   e. Neck injury;

   f. Bilateral shoulder injury;

   g. Bilateral leg injury;

   h. Shock and stress to his entire nervous system.

9. As a further result of said injuries, the Plaintiff has suffered, and will continue to suffer, great pain, mental anguish, distress of mind, and a loss of enjoyment of life.

10. As a further result of said injuries, the Plaintiff was forced to incur and will continue to incur expenses for medical care, x-rays, physical therapy, and other medically related expenses.

11. As a further result thereof, the Plaintiff in all likelihood will need additional medical treatment, including surgery, and suffers fears and apprehension of same.

12. As a further result thereof, the Plaintiff was incapacitated, restricted and limited from carrying on life's usual activities all to his emotional and financial loss.

3

13. As a further result thereof, the Plaintiff was incapacitated, restricted and limited from carrying on his employment as she had done on the past, all to his emotional and financial loss.

## COUNT TWO:

1-6. Paragraphs 1 through 6 of this First Count are re-alleged and incorporated as paragraphs 1 through 6 of this Second Count.

7. The Plaintiff's injuries were directly and/or proximately caused by the deliberate and reckless actions of the Defendant, Philip Trifiletti, in one or more of the following ways, each of which were a substantial factor in causing Plaintiff's injuries and being brought in accordance with Connecticut General Statutes § 14-295:

    a. IN THAT he failed to move into the left-hand lane when passing a parked or standing vehicle, in violation of C.G.S. § 14-230a, even though he knew that he could safely do so and should do so, and despite that knowledge, proceeded in the right-hand lane when under the circumstances it was obvious that such action posed a great risk of harm to other persons using the highway;

8-13. Paragraphs 8 through 13 of Count One are realleged and incorporated as paragraphs 8 through 13 of Count Two.

## COUNT THREE:

1-6. Paragraphs 1 through 6 of the First Count are re-alleged and incorporated as paragraphs 1 through 6 of this Third Count.

4

7. The Plaintiff's injuries were directly and/or proximately caused by the deliberate and reckless actions of the Defendant, Philip Trifiletti, in one or more of the following ways, each of which were a substantial factor in causing Plaintiff's injuries:

   a. IN THAT he knew he should turn his motor vehicle to the right or to the left to avoid the collision, and despite that knowledge, did not turn his motor vehicle to the right or to the left to avoid the collision when under the circumstances it was obvious that such action posed a great risk of harm to other persons using the highway;

   b. IN THAT he knew he must keep the motor vehicle he was operating under reasonable and proper control, and despite that knowledge, did not keep his vehicle under reasonable and proper control, when under the circumstances it was obvious that such action posed a great risk of harm to other persons using the highway;

   c. IN THAT he knew he must keep a reasonable and proper lookout and pay attention to where he was going, and despite that knowledge, did not keep a reasonable and proper lookout and pay attention to where he was going, when under the circumstances it was obvious that such action posed a great risk of harm to other persons using the highway;

   d. IN THAT he knew he must sound the horn and give any other warning of the impending collision, and despite that knowledge, he did not sound the horn and

5

   give any other warning of the impending collision when under the circumstances it was obvious that such action posed a great risk of harm to other persons using the highway;

  e. IN THAT he knew he must apply the brakes to avoid the collision, and despite that knowledge, did not apply the brakes when under the circumstances it was obvious that such action posed a great risk of harm to other persons using the highway;

  f. IN THAT he knew he must comply with driving safety regulations applicable to commercial driver's license (CDL) holders, and despite that knowledge, did not comply with driving safety regulations applicable to CDL holders when under the circumstances it was obvious that such action posed a great risk of harm to other persons using the highway.

8-13. Paragraphs 8 through 13 of Count One are realleged and incorporated as paragraphs 8 through 13 of Count Two.

## COUNT FOUR:

1-13. Paragraphs 1 through 13 of the First Count are re-alleged and incorporated as paragraphs 1 through 13 of this Fourth Count.

14. At the time of the incident, the Defendant, Philip Trifiletti, was the employee and/or agent of UPS Ground Freight, Inc. and working within the general authority of his agency and/or employment.

15. Defendant, UPS Ground Freight, Inc., is liable for the negligence of its employee and/or agent by virtue of C.G.S. § 52-183.

WHEREFORE, the Plaintiff claims:

1) Money damages, within jurisdiction of the Court, not less than $15,000.00; and

2) Any and all other legal and equitable relief in accordance with the claims of the plaintiffs as the Court deems appropriate.

BY: _____
Paul J. Ganim, Esquire
Ganim Legal, P.C.
2370 Park Avenue
Bridgeport, CT 06604
Telephone: (203) 908-3100
Facsimile: (203) 908-3101
Juris No. 406546

A TRUE COPY ATTEST:

LUZ A. O'COLE
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY
INDIFFERENT PERSON

| | | |
|---|---|---|
| RETURN DATE: JANUARY 23, 2018 | : | SUPERIOR COURT |
| KWAME BOAHEN | : | J.D. OF FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| PHILIP TRIFILETTI and UPS GROUND FREIGHT, INC. | : | DECEMBER 13, 2017 |

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand, is not less than fifteen thousand dollars ($15,000), exclusive of interests and costs.

> THE PLAINTIFF
> KWAME BOAHEN
>
> BY: _____
> Paul J. Ganim, Esquire
> Ganim Legal, P.C.
> 2370 Park Avenue
> Bridgeport, CT  06604
> Telephone: (203) 908-3100
> Facsimile: (203) 908-3101
> Juris No. 406546

A TRUE COPY ATTEST:
_____
O'TOOLE
CONNECTICUT STATE MARSHAL
FAIRFIELD COUNTY
INDIFFERENT PERSON

8

STATE OF CONNECTICUT:
: SS.  ROCKY HILL        **January 9, 2018**
COUNTY OF HARTFORD :

THEN and by virtue hereof and by direction of the plaintiffs' attorney, I made due and legal service of the within original **Writ, Summons, Complaint and Statement of Amount in Demand** by leaving a true attested copy **with and in the hands of,** Michelle Taylor, accepting service for **Corporation Service Company, at 50 Weston Street, Hartford, Connecticut,** the statutory agent for the within named defendant:

**UPS GROUND FREIGHT, INC.**

ALSO, by direction of the plaintiff's attorney, pursuant to provisions of Connecticut General Statutes 52-62, I made due and legal service upon the within named defendant by leaving a true and attested copy of the original **Writ, Summons, Complaint and Statement of Amount in Demand** with required fee, at the **Office of the Commissioner of Motor Vehicles, State of Connecticut,** whom accepts service for the within named out-of-state defendant at the address indicated:

**PHILIP TRIFILETTI**
**60 State Street, Wethersfield, Connecticut.**

ALSO, I deposited at the post office, a true and attested copy of the original **Writ, Summons, Complaint and Statement of Amount in Demand** with my doings of service upon the Commissioner of Motor Vehicles, certified mail, return receipt requested, addressed to the within named defendant at the address indicated:

Connecticut State Marshal
Hartford County
Lucia O'Toole
860-202-6323   24/7/365   MarshalOToole@ProperServe.com
P.O. Box 231   Marlborough   Connecticut   06447

PHILIP TRIFILETTI
4 Sullivan Ct
Roebling, NJ 08554

THE WITHIN IS THE ORIGINAL WRIT, SUMMONS,

COMPLAINT AND STATEMENT OF AMOUNT IN DEMAND WITH MY DOINGS

HEREON ENDORSED.

FEES:

| | | ATTEST: |
|---|---|---|
| SERVICE | $ 80.00 | |
| TRAVEL | $ 7.91 | LUCIA O'TOOLE |
| ENDORSEMENTS | $ 3.60 | STATE MARSHAL |
| PAGES | $ 24.00 | HARTFORD COUNTY |
| DMV FEES | $ 20.00 | |
| USPS | $ 6.91 | |
| | | |
| TOTAL | $ 142.42 | |

| SUMMONS - CIVIL<br>JD-CV-1 Rev. 4-16<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov |

See other side for instructions

- ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- ☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street, Bridgeport, CT 06604 | ( 203 )579-6527 | January 23, 2018 |

| ☒ Judicial District<br>☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)<br>Bridgeport | Case type code (See list on page 2)<br>Major: V   Minor: 01 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Paul J. Ganim, Esq., Ganim Legal, P.C., 2370 Park Avenue, Bridgeport, CT 06604 | 406546 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 203 ) 908-3100 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  ☐ Yes  ☒ No

Email address for delivery of papers under Section 10-13 (if agreed to)

Number of Plaintiffs: 01   Number of Defendants: 02   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Boahen, Kwame<br>Address: 50 Revere Street, Bridgeport, CT | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Trifiletti, Philip<br>Address: 4 Sullivan Ct, Roebling, NJ 08554 | D-01 |
| Additional Defendant | Name: UPS Ground Freight, Inc. (Agent-Corporation Service Company, 50 Weston St., Hartford, CT 06120)<br>Address: 1000 Semmes Avenue, Richmond, VA 23224 | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Paul J. Ganim | Date signed<br>12/13/2017 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

TRUE COPY ATTEST:

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)