IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LM INSURANCE CORPORATION, as Subrogee of UPS CHAIN SOLUTIONS, INC., and UPS GROUND FREIGHT, INC., HELMSMAN MANAGEMENT SERVICES LLC, as Third-Party Administrator for UPS SUPPLY CHAIN SOLUTIONS, INC., and UPS GROUND FREIGHT, INC., UPS SUPPLY CHAIN SOLUTIONS, INC., and UPS GROUND FREIGHT, INC.,<br>　　　　　　　　Plaintiffs<br><br>v.<br><br>KWAME BOAHEN and ENVIRO EXPRESS, INC.,<br>　　　　　　　　Defendants | Civil Action No.: 3:18-cv-00075-AWT |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Defendants, Kwame Boahen and Enviro Express, Inc. ("Defendants") respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendants request that this Court grant dismissal of all claims in the Amended Complaint for failure to state a claim upon which relief can be granted. Specifically, the action was not commenced within the statute of limitations.

**FACTUAL BACKGROUND**

This case arises from a January 12, 2016 motor vehicle collision that occurred on the northbound side of Interstate-95 ("I-95") in the area between exits 70 and 71 in or around the Town of Old Lyme, Connecticut. Pl.'s Compl. ¶ 41. The Plaintiffs' Complaint alleges that at approximately 7:15 am on January 12, 2016, Phillip Trifiletti ("Trifiletti") was operating a UPS Truck with a connected trailer in the right lane of two on the northbound side of I-95. *Id.* In between exits 70 and 71 in or around the Town of Old Lyme, the Plaintiffs state that a truck owned and operated by the Defendant, Enviro Express, became disabled and stopped on the shoulder of the northbound side of I-95. *Id.* at ¶ 33. As Trifiletti attempted to pass the Enviro Express vehicle, the UPS Truck that he was operating collided with the disabled Enviro Express truck. *Id* at ¶ 42.

As a result of Trifiletti's collision with the disabled Enviro Express truck, the Plaintiffs allege damages in the form of property damage to the UPS truck, and costs associated with the towing and appraisal of the UPS truck. *Id.* at ¶ 45-47. Additionally, the Plaintiffs allege monetary losses as a result of worker's compensation benefits paid to Trifiletti due to the injuries he suffered in the collision with the disabled vehicle. *Id.*

The Plaintiffs' filed their Complaint on January 12, 2018 and the Court issued a Summons on January 16, 2018. (Doc. No. 12) The Complaint asserts four counts, all sounding in negligence. The Defendants, Enviro Express and Kwame Boahen, were served on January 24, 2018 and January 26, 2018 Respectively. (Doc. Nos. 16, 17)

## LAW AND ARGUMENT

**1. Legal Standard**

Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. *Ghartley v. St. John's Queens Hosp.*, 869 F. 2d 160, 162 (2d. Cir. 1989). Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter. *Id.* The court must decide whether the time alleged in the complaint indicates that the cause of action has not been brought within the statute of limitations. *Joslin v. Grossman*, 107 F. Supp. 2d 150, 154 (D. Conn. 2000) (*Citing Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir.1989)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, matters of which the court may take judicial notice, and "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d. Cir. 2000).

A court ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir.1984). A dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate where on the face of the complaint and matters of which the court may take judicial notice, that a plaintiff's claim is barred as a matter of law. *Conopco Inc. v. Roll Int'l.*, 231 F.3d 82, 86 (2d Cir. 2000).

**2.  Plaintiffs' action is barred by the statute of limitations**

It is well settled as a matter of federal law that state statutes of limitations govern the timeliness of state law claims under federal diversity jurisdiction. *Guaranty Trust Co. v. York,* 326 U.S. 99, 111-12 (1945). State law also determines the related questions of what events serve to commence an action and to toll the statute of limitations in such cases. *Walker v. Armco Steel Corp.,* 446 U.S. 740 (1980); S*ee also Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530 (1949). In *Walker,* the Supreme Court required federal courts sitting in diversity to look to state law to determine when an action is commenced. *Walker,* 446 U.S. at 753*.* The *Walker* Court considered state service requirements an "integral part of the state statute of limitations" in actions based on state law. *Id.* at 752-53. The Court held that where no federal rule had displaced state tolling statutes either expressly or by fair implication, federal courts were required to follow the relevant state procedures governing service of process in diversity cases. *Id.*

4

The Second Circuit has interpreted *Walker* to stand for the proposition that Rule 3 does not apply for the purposes of commencement of an action "when jurisdiction is based on diversity of citizenship." *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 12 n.2 (2d Cir. 1994). Rather, "state law governs the effective date of commencement for limitations purposes." *Id.; see also Diffley v. Allied-Signal, Inc.,* 921 F.2d 421, 423 (2d Cir. 1990) ("state law determines the related questions of what events serve to commence an action and to toll the statute of limitations"). Under Connecticut law, a case is considered "commenced" for purposes of a statute of limitations on the date of service of the complaint upon the defendant and because the present case is a federal diversity action, Connecticut law controls rather than Federal Rule of Civil Procedure 3. *See e.g., Converse v. General Motors Corp.,* 893 F.2d 513, 515-16 (2d Cir.1990).

The Complaint sounds in negligence, and as a result, Connecticut General Statutes §52-584 contains the applicable statute of limitations. Section 52-584, provides in relevant part that "[n]o action to recover damages for injury to the person or to real or personal property caused by negligence ... shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered...." It is worth noting that there is no substantive distinction between the terms "bringing" an action and "commencing" an action. See *Lacasse* v. *Burns,* 214 Conn. 464, 475-76, 572 A.2d 357 (1990) (for almost one half century, terms "commence" and "brought" have been used interchangeably to describe initiation of action).

5

The statute of limitations in this case began to run on the date of actionable harm alleged in the Complaint, January 12, 2016. The actionable harm the Plaintiffs allege occurred on January 12, 2016 that forms the basis for the Plaintiffs' alleged damages includes significant damage to the UPS Truck, costs associated with the appraisal, recovery, and towing of the UPS Truck, and serious injuries to the driver for which LM Insurance issued worker's compensation benefits on behalf of UPS. Complaint ¶¶ 43-47.

The negligence allegations made by the Plaintiffs are subject to the Connecticut two-year statute of limitations and as a result, the Plaintiffs were required to commence an action within that two-year time period. In order to commence this action for statute of limitations purposes, the Defendants must have been served on or before January 12, 2018, two years from the date that the statute of limitations began to run. Although the Plaintiffs filed the Complaint with the Court on January 12, 2018, the Defendants in this case were not served with the Summons and Complaint until January 24, 2018 and January 26, 2018. (Doc. Nos. 16, 17) As a result, this action was commenced, for purposes of the applicable statute of limitations, beyond the two-year deadline.

## 3. CONCLUSION

The Plaintiffs' did not commence this action within the applicable statute of limitations period. As such, the Defendants respectfully move this Court to dismiss the Amended Complaint in its entirety.

Dated: February 16, 2018

Respectfully Submitted,
THE DEFENDANTS,
Kwame Boahen and Enviro Express, Inc.,

BY THEIR ATTORNEY,

/s/ Dean A. Hanafin
Dean A. Hanafin ct30130
Aeton Law Partners LLP
101 Centerpoint Drive, Suite 105
Middletown, CT 06457
T: (860) 724-2163
F: (860) 724-2161
dean@aetonlaw.com
BY THEIR ATTORNEY,

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

s/ Dean A. Hanafin
Dean A. Hanafin