UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KWAME BOAHEN,<br>   Plaintiff, | : | |
| v. | : | No. 3:18-cv-00171 (VLB) |
| | : | Lead Case |
| PHILLIP TRIFILETTI, ET AL.,<br>   Defendants. | : | |

| | | |
|---|---|---|
| LM INSURANCE CORP., ET AL.,<br>   Plaintiffs, | : | |
| v. | : | No. 3:18-cv-00075 (VLB) |
| | : | Member Case |
| KWAME BOAHEN, ET AL.,<br>   Defendants. | : | |

| | | |
|---|---|---|
| PHILLIP TRIFILETTI,<br>   Plaintiff, | : | |
| v. | : | No. 3:18-cv-00713 (VLB) |
| | : | Member Case |
| KWAME BOAHEN, ET AL.,<br>   Defendants. | : | September 19, 2018 |

**MEMORANDUM OF DECISION DENYING BOAHEN'S MOTIONS TO DISMISS COUNTERCLAIMS [DKT. NOS. 21 AND 22] AND GRANTING BOAHEN AND ENVIRO'S MOTION TO DISMISS AMENDED COMPLAINT [DKT. NO. 25]**

The motions now before the Court arise out of the consolidation of three individual cases resulting from the same factual background.[1]  On December 13, 2017, Kwame Boahen ("Boahen"), a Connecticut resident, filed suit against Philip

---

[1] Boahen has brought the Motions to Dismiss the Counterclaims and Boahen and Enviro have brought the Motion to Dismiss the UPS Parties' Amended Complaint. As such, the Court addresses the three motions in one decision.

1

Trifiletti ("Trifiletti") and Trifiletti's employer, UPS Ground Freight, Inc. ("UPS Freight"), in Connecticut Superior Court for negligence. Trifiletti and UPS Freight removed the case to Federal Court in the District of Connecticut on January 30, 2018. [Case No. 18-cv-00171-VLB, hereinafter "Case 171"]. Trifiletti and UPS Freight both filed counterclaims on February 6, 2018, which Boahen now moves to dismiss.

Trifiletti, a New Jersey resident, brought the second case on January 10, 2018, in the Eastern District of Pennsylvania for negligence against Boahen and Boahen's employer Enviro Express, Inc. ("Enviro"). [Case No. 18-cv-00713-VLB, hereinafter "Case 713"]. The Court transferred the case to the District of Connecticut on April 24, 2018. [18-cv-713, Dkt. No. 4].

On January 12, 2018, UPS Supply Chain Solutions, Inc., ("UPS Supply") and UPS Freight (collectively "UPS"), LM Insurance Corporation ("LM"), as subrogee of UPS, and Helmsman Management Services LLC ("Helmsman"), as Third-Party Administrator for UPS (collectively the "UPS Parties") filed a complaint against Boahen and Enviro in the District of Connecticut for negligence. [Case No. 18-cv-00075-VLB, hereinafter "Case 75"]. Boahen and Enviro now move to dismiss.

The Court consolidated the cases on April 6, 2018.

I.   Background

Boahen, is a resident of Bridgeport, Connecticut and at all times herein was employed by Enviro. [Dkt. No. 1 (Boahen Compl.) ¶¶ 2, 3]. Trifiletti is a resident of Roebling, New Jersey and at all times herein was employed by UPS Freight. [Dkt. No. 1 ¶ 4]. On January 12, 2016, Boahen was driving a tractor-trailer owned by

Enviro northbound on Interstate 95 ("I-95"). [Dkt. No. 1 ¶¶ 3, 5]. While driving, Boahen's truck became disabled. [Dkt. No. 1 ¶ 5]. Boahen pulled into the right shoulder. [Dkt. No. 1 ¶ 5]. On the same day, Trifiletti was driving a truck with an attached trailer registered to UPS Freight northbound on I-95 in Connecticut. [Dkt. No. 11 (Trifiletti Countercl.) ¶¶ 2, 31]. At around 7:14 a.m., Trifiletti and Boahen were involved in a motor vehicle accident ("the Accident"). [Dkt. No. 11 ¶ 6].

Boahen filed suit in Case 171 on December 13, 2017. Trifiletti and UPS Freight both filed counterclaims on February 6, 2018, which Boahen now moves to dismiss.

On January 12, 2018, the UPS Parties filed a complaint in Case 75 against Boahen and Enviro. Process was delivered to the marshal on January 16, 2018 and the marshal served Defendants on January 23 and 24, 2018. Boahen and Enviro now move to dismiss.

II. Motions to Dismiss

    a. <u>Motions to Dismiss UPS Freight's and Trifiletti's Counterclaims</u>

On February 6, 2018, UPS Freight and Trifiletti answered Boahen's Complaint in Case 171 and each filed a counterclaim (the "Counterclaims") against Boahen for negligence. [Dkt. No. 10 (UPS Freight Answer Countercl.) at 11; Dkt. No. 11 (Trifiletti Answer Countercl.) at 11]. The Counterclaims brought by UPS Freight and Trifiletti are identical. Boahen moved to dismiss the counterclaims in two separate motions filed on April 4, 2018 for failure to comply with the statute of limitations. [Dkt. Nos. 20, 22 (Mots. Dismiss)]. Boahen's Motions to Dismiss the Counterclaims and supporting briefing are substantively identical and Trifiletti's and UPS Freight's

opposition briefs are identical. [Dkt. Nos. 20-23; 34 and 35 respectively]. Therefore, the two motions are addressed together in the following analysis and the decision applies to both.

Boahen moves to dismiss both Counterclaims on the grounds that they are untimely due to an expired statute of limitations. [Dkt. No. 21 (Mot. Dismiss UPS Countercl. Mem.) at 1; Dkt. No. 23 (Mot. Dismiss Trifiletti Countercl. Mem.) at 1]. UPS Freight and Trifiletti assert that counterclaims can be brought at any time before the formal close of pleadings under the relevant statute of limitations. [Dkt. No. 34 at 1; Dkt. No. 35 at 1]. Furthermore, UPS Freight and Trifiletti argue that Boahen's Motions to Dismiss the Counterclaims are untimely because they were brought more than twenty-one days after the Counterclaims were asserted. [Dkt. No. 34 at 5; Dkt. No. 35 at 5].

The applicable statute of limitations allows a suit to be commenced within two years of the date of injury but for an exception for counterclaims. Conn. Gen. Stat. § 52-584. The statute provides "no action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . *except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.*" Conn. Gen. Stat. § 52-584 (emphasis added). The statute is very clear that a *counterclaim* is not subject to the two-year statute of limitations and can be brought at any time before the pleadings in an action are closed. *See Mulcahy v.*

4

*Mossa*, 872 A.2d 453, 459 (Conn. App. Ct. 2005) ("Section 52-584 expressly provides that a counterclaim may be filed at any time prior to the close of pleadings, irrespective of whether the statute of limitations governing the counterclaim has run."). UPS Freight and Trifiletti properly asserted their Counterclaims before the close of pleadings. Therefore, the Counterclaims are timely and Boahen's Motions to Dismiss, [Dkt. Nos. 20 and 22], are DENIED.

Further, a party must file a responsive pleading to a counterclaim within twenty-one days after being served with the claim. Fed. R. Civ. P. 12(a)(1)(B). Trifiletti and UPS Freight filed the Counterclaims on February 6, 2018. *See* [Dkt. No. 10; Dkt. No. 11]. Accordingly, responsive pleadings must have been filed on or before February 27, 2018. Boahen did not file the Motions to Dismiss the Counterclaims until April 4, 2018. [Dkt Nos. 20 and 22]. As such, Boahen's Motions to Dismiss the Counterclaims, [Dkt. Nos. 20 and 22], are further DENIED as untimely, in addition to failing on the merits.

b. <u>Motion to Dismiss the UPS Parties' Amended Complaint in Case 75</u>

On February 16, 2018, Boahen and Enviro moved to dismiss the UPS Parties' Amended Complaint in Case 75 arguing that the action was not commenced within the applicable Connecticut statute of limitations. [18-cv-75, Dkt. No. 20 (Mot. Dismiss Am. Compl. Mem.) at 1]. The UPS Parties argue that their action was timely commenced. [Dkt. No. 48 (UPS Parties' Opp'n) at 2].

In diversity cases, the relevant state statute of limitations governs the timeliness of claims and state law determines the commencement of an action. *Guaranty Trust Co. v. York*, 326 U.S. 99, 111-12 (1945); *Walker v. Armco Steel Corp.*,

446 U.S. 740, 753 (1980) ("state service requirements which are an integral part of state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction"). The UPS Parties acknowledge this fact. [Dkt. No. 48 at 5].

They further acknowledge that, under Connecticut law, a civil action is commenced upon service on the defendant. *Id.*; *accord Rana v. Ritacco*, 236 Conn. 330, 337 (1996) ("This court has long held that an action is brought once the writ, summons and complaint have been served upon a defendant.").

The applicable Connecticut statute of limitations is § 52-584 of the Connecticut General Statute. The statute provides, in relevant part, that "no action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . ." Conn. Gen. Stat. § 52-584.

The Accident occurred on January 12, 2016. As such, under § 52-584, the parties had until January 12, 2018 to commence any resulting actions. The UPS Parties electronically filed their Complaint with the court at 4:25 p.m. on Friday, January 12, 2018, and their Amended Complaint twenty-four minutes later. Immediately thereafter, at 4:50 p.m., the UPS Parties electronically requested that the clerk issue an electronic summons as to all defendants. As stated on the Court's website, [2] the Clerk's Office had closed at 4:00 p.m., fifty minutes earlier.

---

[2] D. Conn., Offices and Directions, http://www.ctd.uscourts.gov/content/hartford.

The summons was issued by the Clerk of Court on the next court day, Tuesday, January 16, 2018. [Dkt. No. 12 (Electronic Summons Issued)]. The summons and Amended Complaint were delivered to the state marshal that same day. [Dkt. No. 48 at 1-2]. Defendants were served on January 23 and 24, 2018, more than a week after the statutory deadline. *Id.*

The UPS Parties contend that "[t]he Complaint was not required to be served on Defendants prior to the expiration of the statute" because of one of Connecticut's "liberal savings provisions." *Id.* at 1, 7. Specifically, the UPS Parties invoke § 52-593a(a) of the Connecticut General Statute in an attempt to save the action based on a thirty-day grace period afforded to the marshal to deliver process. *Id.* at 5, 7.

Section 52-593a(a) provides that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery." Conn. Gen. Stat. § 52-593a(a) (2012).

Despite the fact that the summons and Amended Complaint were *not* delivered to the state marshal by the January 12, 2018 deadline, the UPS Parties argue § 52-593a(a) should be read to apply here given Connecticut courts' preference to avoid termination of an action due to technical imperfections and to secure the litigant his day in court. [Dkt. No. 48 at 6 (citing *Doe v. Town of West Hartford*, 328 Conn. 172, 182 (2018); *Dickerson v. Fincus*, 154 Conn. App. 146, 154

7

(2014))]. Further, the UPS Parties invoke the Connecticut Supreme Court's guidance that this remedial provision should "be afforded liberal construction in favor of those whom the legislature intended to benefit" so as to "advance the remedy rather than to retard it." *Doe*, 328 Conn. at 182. But the UPS Parties cite no legal authority in support of their interpretation, and a liberal construction of § 52-593a(a) cannot save them here, as the express terms of the statute, as well as authority from the Connecticut Supreme Court, preclude such an outcome.

The cases cited by the UPS Parties advising liberal construction consider different facts, and further, they explicitly require the action the UPS Parties have failed to take here. In *Doe v. Town of West Hartford* there was a dispute as to whether plaintiff's counsel delivered the complaint and summons to the marshal within the statute of limitations as required by § 52-593a(a)—the marshal had failed to endorse the date of delivery on the return of service as required by § 52-593a and could not recall what day he had received the summons and complaint, but plaintiff's counsel testified that the marshal had retrieved the documents from counsel's office before the statute of limitations had run. 328 Conn. at 177-78. The defendants argued that the marshal's failure to comply with § 52-593a's endorsement requirement precluded the plaintiff from invoking the remedial extension of the statute of limitations. *Id.* at 181. The Connecticut Supreme Court determined that the endorsement requirement was directory rather than mandatory and denied summary judgment because there was a disputed issue of material fact

8

as to whether the marshal received the materials in time. *Id.* at 185.[3] Here, there is no dispute that the marshal did not receive the materials in time.

The *Doe* Court bore in mind the "remedial purpose" of the statute such that "it should not be given an overly restrictive construction that would defeat its curative goal." *Id.* at 186. The *Doe* Court also emphasized that the "statute's purpose is 'to prevent a party from losing the right to a cause of action because of untimely service on the part of the *marshal* by giving the marshal additional time in which to effect proper service on the party in question'" and as such, in order "[t]o invoke the protection of the statute, a party 'must deliver the writ to the marshal within the applicable statute of limitations.'" *Id.* at 183 (emphasis in original) (quoting *Tayco Corp. v. Planning & Zoning Comm'n*, 294 Conn. 673, 682 (2010)).

Indeed, the Connecticut Supreme Court expressly held in *Tayco Corporation v. Planning and Zoning Commission* that, "for the purposes of § 52-593a, delivery of process to the marshal must be made within the applicable limitations period." 294 Conn. at 688. The Court clarified that the statute "does not give the *litigant* time beyond the statute of limitations in which to deliver process to the marshal for service" as "[s]uch a reading would run contrary to the intent behind § 52-593a(a) and would frustrate the purpose of statutes of limitation." *Id.* at 686 (emphasis in original).

---

[3] Similarly, in *Dickerson v. Fincus*, 154 Conn. App. 146, 154 (2014), the Connecticut Appellate Court concluded that the substantive requirements of § 52-593a had been met, the marshal having received and served the documents before the deadline, even though the marshal had failed to endorse the return as required by the statute.

9

The *Tayco* Court went on to hold that delivery is not complete until the marshal is given instruction to effectuate service, and further counseled that, "[i]n the even that the trial court determines that [the marshal] did not receive instruction to serve process on the defendant within the applicable statute of limitations, the motion to dismiss should be granted and the case should be dismissed for lack of subject matter jurisdiction." *Id.* at 288.

Generally speaking, courts have denied the relief of § 52-593a(a) and dismissed an action where the plaintiff failed to deliver process to the marshal within the statutory period. *See Johnson v. Preleski*, 166 A.3d 783, 791 (Conn. App. Ct. 2017) ("Because we conclude that the petitioner failed to demonstrate that process, *in any form*, was personally delivered to a state marshal within the limitation period, we conclude that the petitioner is unable to avail himself of the relief afforded by § 52-593a" and "[t]he court properly dismissed the action."); *Antonacci v. Town of Watertown Bd. of Assessment Appeals*, 2009 Conn. Super. LEXIS 1976, *5 (Conn. Super. Ct. July 21, 2009) (granting motion to dismiss because defendant was not served within the time to appeal and § 52-593a(a) did not apply because the appeal was not delivered to the marshal within the time to appeal). The same is required here.

The UPS Parties admit that the summons and complaint were delivered to the marshal after the statute of limitations had run. Indeed, the UPS Parties could not have delivered the summons and complaint to the marshal by the expiration of the statute of limitations because the complaint and the request for issuance of a summons were not filed with the Clerk of Court until *after* the Clerk's Office had

closed at 4:00 p.m. on the date the statute of limitations ran. [18-cv-75, Dkt. No. 1 (Compl.); 18-cv-75, Dkt. No. 6 (Am. Compl.)]. That day was a Friday, the court was closed for a national holiday on Monday and the summons was not issued until the following Tuesday. [Dkt. No. 12 (Electronic Summons Issued)]. The UPS Parties failed to meet the express requirements of § 52-593a(a) and therefore cannot take advantage of the savings statute.

The UPS Parties make further equitable arguments that Boahen and Enviro were in no way prejudiced by being served when they were because they already had notice of the ongoing litigation and the savings provision would have allowed service later than it occurred. [Dkt. No. 48 at 7]. But the UPS Parties' cite no legal authority for this argument. Policy considerations are no doubt the reason why the saving provision exists, permitting a party to deliver the summons and complaint to the marshal, rather than having to effect service by the expiration of the statute of limitations, in order to get to the merits. However, where a party has plainly failed to qualify under a savings provision further leeway eviscerates the rule altogether.

As the UPS Parties acknowledge, they could have brought the action in Connecticut State Court where counsel may commence the action by delivering the summons and complaint to a state marshal on the last day of the statute of limitations. Conn. Gen. Stat. §§ 52-45a, 52-593a. The UPS Parties chose not to utilize this allowance, instead filing in federal court on the last day of the statutory period. The Court declines to assume the role of a legislator and judicially amend the statute.

11

For the foregoing reasons, Boahen and Enviro's Motion to Dismiss the UPS Parties' Amended Complaint is GRANTED. This dismissal is of course without prejudice to any rights the UPS Parties may have to file a second action pursuant to Conn. Gen. Stat. §52-592 or any other applicable statute or otherwise revive their claims.

III.   Conclusion

For the foregoing reasons, Boahen's Motion to Dismiss UPS Freight's Counterclaim, [Dkt. No. 20], and Motion to Dismiss Trifiletti's Counterclaim, [Dkt. No. 22], are DENIED and Boahen and Enviro's Motion to Dismiss the UPS Parties' Amended Complaint, [Dkt. No. 25], is GRANTED and the Court directs the clerk to close Case No. 18-cv-00075.

IT IS SO ORDERED.

/s/
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: this 19th day of September 2018