## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KWAME BOAHEN,<br>  Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | No.  3:18-cv-00171 (VLB) |
| | : | |
| PHILLIP TRIFILETTI, UPS GROUND | : | |
| FREIGHT, INC., | : | |
|   Defendants. | : | |

| | | |
|---|---|---|
| PHILLIP TRIFILETTI,<br>  Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| KWAME BOAHEN, ENVIRO | : | |
| EXPRESS, INC., | : | |
|   Defendants. | : | February 19, 2019 |

### MEMORANDUM OF DECISION GRANTING BOAHEN AND
### ENVIRO EXPRESS, INC.'S MOTION TO DISMISS [DKT. 52]

Plaintiff Philip Trifiletti filed this action against Defendants Enviro Express, Inc. ("Enviro Express") and Kwame Boahen ("Boahen") in the Eastern District of Pennsylvania alleging three counts of negligence arising out of a car accident involving Plaintiff and an Enviro Express vehicle driven by Boahen.  On April 24, 2018, this case was transferred to the District of Connecticut.  The case was consolidated with two other actions for claims arising out of the same accident.[1]

---

[1] The original District of Connecticut case number for this action was 18-cv-713. The consolidated case number for this action is 18-cv-171.  Citations to docket entries will indicate "Case 713" when the citation is to the original docket rather than the consolidated docket.

Defendants now move to dismiss Trifiletti's Complaint. For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

## I.    Factual and Procedural Background

This case involves a motor vehicle collision that occurred on January 12, 2016, on the northbound side of Interstate-95 ("I-95"), in or around the Town of Old Lyme, Connecticut. [Case No. 18-cv-00713-VLB, hereinafter "Case 713", Dkt. 1 (Compl.) ¶ 11]. Plaintiff Philip Trifiletti alleges that while traveling northbound on I-95, Enviro Express's tractor trailer stopped, through its agent, Kwame Boahen, causing Plaintiff's vehicle to collide with Defendants'. [Case 713, Dkt. 1 ¶ 17].

Plaintiff initiated his action in the Eastern District of Pennsylvania on January 10, 2018, seeking damages for negligence. A summons issued on the same day. On February 26, 2018, Defendants moved to transfer this case to the District of Connecticut based on convenience pursuant to 28 U.S.C. §1404(a).[2] [Case 713, Dkt. 2 (Transfer Mot.)]. On March 28, 2018, Plaintiff moved to join Defendants' Motion to Transfer Venue. [Case 713, Dkt. 3 (Joinder Mot.)]. And on April 24, 2018, the court granted the motion to join and the parties' joint Motion to Transfer Venue. [Case 713, Dkt. 4 (4/24/2018 Order)].[3]

---

[2] Defendants' memorandum in support of the transfer also included a 28 U.S.C. § 1406 argument, contending that the Eastern District of Pennsylvania was the wrong venue for the case, *see* [Case 713, Dkt. 2-2 (Mem. in support of Transfer Mot.) at 2], though the motion was styled as a § 1404(a) motion for transfer based on convenience.

[3] Given that Plaintiff joined the motion, the court summarily granted "Defendants' Motion to Transfer Venue Pursuant to F.R.C.P. 1404(a)" without analysis as to the exact basis for the transfer. *See* [Case 713, Dkt. 4 (4/24/18 Order)].

On July 30, 2018, Plaintiff filed an Affidavit of Service certifying that Enviro Express had been served "with Plaintiff's Complaint via certified mail on January 17, 2017." [Dkt. 51 (Aff. of Service)]. As evidence of service, plaintiff attached a United States Postal Service ("USPS") certified mail return receipt showing the date of delivery as February 5, 2017, process addressed to "Enviro Express Inc.," and signed for by an "Ernest Newtown." *Id.* Neither the Affidavit of Service nor the attached proof refer to or include a copy of the summons. *See id.*

Soon thereafter, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), asserting insufficient process and failure to effect proper service upon a corporation, and pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted arguing that the action was commenced after the statute of limitations had run. [Dkt. 52-1 (Mem. in support of Mot. to Dismiss)].

Thereafter, Plaintiff filed an Amended Affidavit of Service representing that the USPS delivery receipt contained a scrivener's error, and that Enviro Express had been served via certified mail on February 5, 2018. *See* [Dkt. 53 (Am. Aff. of Service) at 1]. As evidence, Plaintiff appended an enclosure letter along with a USPS certified mail receipt and certified return receipt. [Dkt. 53 at 4]. The enclosure letter dated February 2, 2018 and addressed to "Sir or Madam" provides the recipient with a case docket number and states "[p]lease find a true and correct copy of a United States District Court Civil Action that was filed against you and Kwame Boahen. Please kindly respond in accordance with the Federal Rules of Civil Procedure." *Id.* Neither the Amended Affidavit of Service or the attached proof

refer to or include a copy of the summons.  *See id.* at 1-4.  The Court also notes that neither Plaintiff's Affidavit of Service nor Amended Affidavit of Service certify that service was affected on Boahen.  *See* [Dkt. 51; Dkt. 53].

## II.    Discussion

Defendants move to dismiss Plaintiff Trifiletti's Complaint for failure to effect proper service of process under Rule 12(b)(5) and for failure to state a claim under Rule 12(b)(6).

Defendants first argue that dismissal is warranted under Rule 12(b)(5) because Plaintiff failed to serve Defendant Boahen in any respect and because Plaintiff's service on Defendant Enviro Express was defective in that a summons was not served along with the Complaint and because service was not accepted by an authorized agent of the corporation.  [Dkt. 52-1 at 4-6].  Plaintiff argues that Defendants waived this argument by filing a motion to transfer venue prior to making their 12(b)(5) motion and further argues that he properly served Defendant Enviro Express under Pennsylvania law such that dismissal is improper.  [Dkt. 54 (Opp'n Mot. Dismiss) at 8, 12].

Defendants next argue that dismissal is warranted under Rule 12(b)(6) because Plaintiff did not commence the action, as defined by Connecticut law, before the statute of limitations had run and thus the action is time barred.  [Dkt. 52-1 at 7].  Plaintiff contends that Pennsylvania law governs commencement of the action and that, under Pennsylvania law, he properly filed his Complaint two days before the statute of limitations lapsed such that his action is timely.  [Dkt. 54 at 15].

The Court first considers the 12(b)(5) argument and then takes on the 12(b)(6) analysis.

### A. Rule 12(b)(5) – Sufficiency of Service of Process

As a preliminary matter, the Court rejects Plaintiff's argument that Defendants waived their defective service argument as a result of having actual notice or by moving to transfer the case to the District of Connecticut. *See* [Dkt. 54 at 12-13]. Guidance from the Second Circuit suggests that a defendant does not waive such a jurisdictional argument when raised promptly. In *Gerena v. Korb*, the Second Circuit concluded that "the Gerenas' additional arguments that Yale waived any jurisdictional objections [, specifically their insufficient service argument,] by removing the action from state to federal court, or by commencing discovery, are [] unavailing," because "Yale promptly and repeatedly raised the defense of defective service." 617 F.3d 197, 202 (2d Cir. 2010). And in *Khan v. Khan*, the Second Circuit acknowledged that, "the defense of insufficient service of process may be waived by a party's failure to either raise it in a motion under Rule 12(b) of the Federal Rules of Civil Procedure or to include it in a responsive pleading, *see* Fed. R. Civ. P. 12(h)(1)," but concluded that was not the case because "it is clear that, contrary to Appellant's arguments, the Appellees raised the claim of insufficient service in their first responsive pleading." 360 F. App'x 202, 204 (2d Cir. 2010).

The decision by the Southern District of New York in *Sangdahl v. Litton*, 69 F.R.D. 641 (S.D.N.Y. 1976), cited by Plaintiff, *see* [Dkt. 54 at 12], does not require otherwise here. In *Sangdahl*, the court held that a defendant was barred from

challenging personal jurisdiction by not joining the Rule 12(b)(2) motion with the earlier-filed § 1404(a) motion. *Id.* at 642-43. In explaining why the defendant had waived this challenge, the court stated that "the underlying facts to support a motion to change venue were essentially the same as the facts upon which [the defendant] grounds his motion for lack of jurisdiction over the person, and were apparent to defendant upon the very commencement of suit." *Id.*

Unlike in *Sangdahl*, the arguments underlying Defendants' transfer motion are not "essentially the same" as those espoused in the motion to dismiss for defective service of process—this is not a repetitive motion challenging the same issue. Defendants raised the issue of defective service in their motion to dismiss and prior to their responsive pleading without undue delay as is proper under Federal Rule of Civil Procedure 12. *See* Fed. R. Civ. P. 12(h)(1). The fact that Defendants filed a motion to transfer venue, which the court granted, prior to filing their 12(b) motion does not waive their objections based on defective service.

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed. 2002). "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimierChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." *George v. Prof'l*

*Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016); *accord Khan v. Kahn*, 360 F. App'x at 203.

"In deciding a Rule 12(b)(5) motion, a court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Federal Rule of Civil Procedure 4(m) provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). As the rule states, failure to serve a defendant within 90 days of filing the complaint warrants dismissal of the action.

### 1. Lack of Service of Process on Boahen

Plaintiff filed his Complaint on January 10, 2018. Plaintiff had until approximately April 10, 2018, to effectuate service on Defendants. Plaintiff has not filed proof of service of process on Defendant Boahen with the Court. The only mention of Defendant Boahen in Plaintiff's briefing on the Motion to Dismiss concedes that Plaintiff's "[a]ttempts to serve Boahen have been unsuccessful," *see* [Dkt. 54 at 5], a tacit admission that Boahen was not served. Nothing in Plaintiff's briefing, Affidavit of Service, or Plaintiff's Amended Affidavit indicates that Boahen was served with any form of process. *See* [Dkt. 51; Dkt.; Dkt. 54; Dkt. 60 (Sur-Reply)]. Accordingly, Plaintiff's Complaint against Boahen is DISMISSED pursuant to Rule 4(m).

## 2. Deficiencies in Service of Process on Enviro Express

Defendants admit that Defendant Enviro Express was served something within the 90-day time limit allowed by Rule 4(m).  *See* [Dkt. 52-1 at 4-5].  However, they argue that this service was defective because it failed to comply with other requirements of Rule 4—that process include a summons and that service on a corporation be made to an authorized agent.  *Id.*  Plaintiff maintains that he properly served Enviro Express under Pennsylvania law by certified mail within 90 days of filing the Complaint.  But Plaintiff's evidence and arguments fail to establish that he properly served process on Defendant Enviro Express under the Federal Rules.

### a. Failure to Serve Summons

Defendants contend that Plaintiff failed to serve Enviro Express with a summons as required by Federal Rule of Civil Procedure 4(c) and further argue that this failure is fatal to Plaintiff's action.  *See* [Dkt. 52 at 4-6].

Plaintiff does little to rebut Defendants' arguments as to the applicability of Rule 4(c) and its summons requirement.  Rather, Plaintiff argues that, because he initiated the action in the Eastern District of Pennsylvania based on diversity jurisdiction, the service law of Pennsylvania applies to service of process.  [Dkt. 54 at 8].  Plaintiff argues that he served process on Enviro Express, a non-resident defendant, by certified mail in accordance with Pennsylvania Rules of Civil Procedure 404 and 403.  *Id.* at 10.  Despite the somewhat unclear Pennsylvania rule regarding adequate process, Plaintiff does not address his failure to serve a summons, for instance, by arguing that service of a summons is not required under

Pennsylvania law. [4]  Such an argument would still be unsuccessful because it is federal law that applies here.

### i.    Federal Rule of Civil Procedure 4 Governs

Plaintiff suggests that *Walker v. Armco Steel Corporation*, 446 U.S. 740 (1980), calls for the application of Pennsylvania service of process law in this case.[5] *See* [Dkt. 54 at 6].  In *Walker*, the Supreme Court held that state law must apply in a diversity action in federal court in determining when an action is commenced for the purpose of tolling the state statute of limitations.  *Walker*, 446 U.S. at 752-53; *see also Morse v. Elmira Country Club*, 752 F.2d 35, 37 (2d Cir. 1984) ("Under *Walker*, state law determines when an action is commenced for limitations purposes in a diversity action in federal court.").  It did not, however, exempt a plaintiff in federal court under diversity jurisdiction from the requirement of serving a summons under Rule 4(c) or suggest that state law concerning adequate process trumped the Federal Rule as Plaintiff seems to suggest.

---

[4] The Pennsylvania Rules of Civil Procedure permit service upon a corporation by handing a copy of "original process" to a specified person or authorized agent within the corporation.  Pa. R. Civ. P. 424.  Notably, the Pennsylvania Rule is ambiguous as to the summons requirement because it allows for "service of *original process*" upon a corporation.  *Id.* (emphasis added).  In Pennsylvania, original process constitutes the method by which the action is commenced under Pa. R. Civ. P. 1007, which allows an action to be initiated by filing either a praecipe for writ of summons or a complaint.  Therefore, under the Pennsylvania Rules of Civil Procedure, if a complaint is filed and properly served, the complaint becomes the initial process and a summons need not be served for purposes of commencing an action.  2 Standard Pennsylvania Practice 2d § 10:55.  Plaintiff does not make an argument that reliance on this rule or confusion resulting from these rules led to his failure to include a summons.

[5] Plaintiff also calls on *Van Dusen v. Barrack*, 376 U.S. 612 (1964), in arguing that the applicable state law is Pennsylvania rather than Connecticut.  *See* [Dkt. 54 at 9].  The Court need not address this argument here, as it is federal and not state law that governs process.

Application of Rule 4 rather than the Pennsylvania rules regarding adequate process is consistent with the Supreme Court's guidance in *Hanna v. Plumer*, 380 U.S. 460 (1965). In *Hanna*, the Supreme Court held that the Federal Rules, rather than state law, control the proper method of effecting service. *Hanna*, 380 U.S. at 463-64; *see also Morse*, 752 F.2d at 38 ("Under *Hanna*, Rule 4(c) ('Process'; 'Service') determines the validity of the manner in which plaintiff served process."). In *Walker*, the Court explained that this conclusion stemmed from a "determin[ation] that the choice between the state in-hand service rule and the Federal Rule 'would be of scant, if any, relevance to the choice of forum,' for the plaintiff 'was not presented with a situation where application of the state rule would wholly bar recovery; rather, adherence to the state rule would have resulted only in altering the way in which process was served.'" *Walker*, 446 U.S. at 747 (quoting *Hanna*, 380 U.S. at 469). Thus, application of the Federal Rules satisfied the "twin aims" of *Erie R. Co. v. Tompkins*—"discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hana*, 380 U.S. at 468.

As with the rule at issue in *Hanna*, the Rule 4(c) requirement of serving a summons versus reliance on the Pennsylvania process requirements is unlikely to impact choice of forum or result in any inequitable administration of the laws. As such, the federal rule is appropriately applied to cases in federal court as a result of diversity jurisdiction.

Rule 4 does explicitly allow a plaintiff to effect service on a corporate defendant pursuant to the laws of the state in which the district sits or where service is made. *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). But this specific reference to

state law does not bear on the summons requirement, which is spelled out in separate and distinct subsections of Rule 4 that include no allowance for reliance on state law.

Rule 4 is entitled "Summons." Subsection (a) of Rule 4 lists the required contents of the summons. Fed. R. Civ. P. 4(a). Subsection (c) states: "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." *Id.* 4(c)(1). The rule goes on in subsequent subsections to specify the manner in which the plaintiff can serve process—the summons and complaint—on the defendant. *See id.* 4(d)-(k). Subsection (m) allows a plaintiff 90 days to effect service, while subsection (l) specifies that the plaintiff must provide proof of service. *See id.* 4(l)-(m). All of this is to say that the federal rule governing service of process sets out specific requirements as to the elements of process, the methods for serving process, and the requisite proof and time limits for service in separate subsections.

The requirements as to process and methods of service are set out in distinct and separate subsections of the Rule. Subsections (h) and (e) of Rule 4 allow a plaintiff to effect service on a corporation as provided for by the state law of the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(h) (a corporation may be served "in the manner prescribed by Rule 4(e)(1)"), (e)(1) ("following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"). The subsections specify that a party may rely on state law "for *serving*

*a summons.*"  *Id.* 4(e)(1).  Nowhere does the Rule state that a party may rely on a state's definition of process to supplant the very thorough requirements for the summons laid out in subsections (a), (b), and (c).  Indeed, Wright & Miller emphasized that, "[a]lthough Rule 4(e)(1) now authorizes service "by following state law" . . . , a plaintiff should not depart from the federal process requirements set out elsewhere in Rule 4."  Wright & Miller, 4B Fed. Prac. & Proc. Civ. § 1112 (4th ed. 2018).  Simply stated, Rule 4(a), (b), and (c) state what must be served while Rule 4(e) and (h) state the manner in which service must be made.  Plaintiff does not represent that he served Enviro Express with a summons as required by the Federal Rules.  Accordingly, Plaintiff fails to prove that adequate process was served on Enviro Express, as laid out below.

### ii.  Failure to Serve Summons is Fatal

The next question is whether Plaintiff sufficiently complied with Rule 4(c)'s service of a summons requirement.  Technical, non-substantive, errors in a summons generally do not render service invalid.  *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 65 (S.D.N.Y. 2010).  But "where the error actually results in prejudice to the defendant or demonstrates a flagrant disregard of Rule 4, service will be considered invalid and amendment need not be allowed."  *DeLuca*, 695 F. Supp. 2d at 65; *see also Osrecovery, Inc. v. One Grp. Int'l, Inc.*, 234 F.R.D. 59, 60 (S.D.N.Y. 2005) ("Although minor or technical defects in a summons in certain circumstances do not render service invalid, defects that are prejudicial to the defendant or show a flagrant disregard for [Rule 4] do."); Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1088, at 462 (4th ed. 2018) ("Only when the error actually results

in prejudice to the defendant or demonstrates a flagrant disregard of the requirements of Rule 4(a) . . . is the district court likely to rule that a failure to comply precisely with Rule 4(a) cannot be cured by amendment."). "Moreover, actual notice alone will not sustain personal jurisdiction over a defendant." *Osrecovery*, 234 F.R.D. at 60-61.

As one would assume, courts have concluded that the failure to serve a summons constitutes a flagrant disregard of Rule 4 rendering service of process "fatally defective." *Bloom v. Democratic Nat'l Comm.*, No. 01 Civ. 11598 (RWS), 2002 WL 31496272, at *2 (S.D.N.Y. Nov. 6, 2002); *Osrecovery*, 234 F.R.D. at 61 (finding service of process ineffective as a result of the plaintiff's failure to serve a summons); *Barron v. Miami Exec. Towers Assocs. Ltd. P'ship*, 142 F.R.D. 394, 397 (S.D.N.Y. 1992) (holding that "actual receipt of both the summons and the complaint is a base requirement" of Rule 4); *Coomer v. Sharp Elecs. Corp.*, 181 F.R.D. 609, 611 (N.D. Ill. 1998) (granting Rule 12(b)(5) motion to dismiss because plaintiff served the complaint without the summons and "service of the summons is necessary for proper service"). In addition to plainly stating that "[a] summons must be served," Rule 4 goes to the trouble of listing out the required contents of a summons and the procedures for the issuance of a summons, emphasizing the critical nature of the summons. *See* Fed. R. Civ. P. 4(a), (b), (c). Indeed, a court obtains personal jurisdiction over a defendant as a result of service of a summon. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. 'Service of summons is the

procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" (internal brackets and quotations omitted)). Thus, failure to serve the summons can only result from a flagrant disregard of Rule 4.

Here, Defendants claim that Plaintiff served no summons at all on Defendant Enviro Express. *See* [Dkt. 52 at 4-5]. Neither Plaintiff's briefing nor his two affidavits[6] challenge this assertion and contend that a summons was served on Enviro Express. *See* [Dkt. 51; Dkt. 53; Dkt. 54; Dkt. 60]. Instead, Plaintiff's argument conflates the required content and manner of service.

The first Affidavit of Service filed by Plaintiff states that "defendant, Enviro Express, Inc. was served with Plaintiff's Complaint via certified mail." *See* [Dkt. 51]. The Amended Affidavit of Service states the same. *See* [Dkt. 53]. The service cover letter asserts to include "a true and correct copy of a United States District Court Civil Action." *See* [Dkt. 53 at PDF p. 4]. Nowhere in the affidavits of service does Plaintiff suggest that a summons was included in the materials.

Nor does Plaintiff suggest otherwise in his briefing in response to the Motion to Dismiss, despite the fact that Defendants made service of the summons a critical issue. Plaintiff generally refers to service of the Complaint without reference to inclusion of the summons. Plaintiff refers to service of the summons in only one place, stating that "Enviro outwardly admits it was served with the summons and Complaint" in its Memorandum of Law. *See* [Dkt. 54 at 11]. Plaintiff does not

---

[6] The Court need not address the adequacy of the affidavits as raised by Defendants, *see* [Dkt. 59 (Reply Mem.) at 2-3], because Plaintiff fails to establish proper service of process either via the affidavits or otherwise.

include a pincite for this purported admission and the Court is not able to find it, nor do any other statements or evidence suggest that a summons was actually included with service.  In Plaintiff's Sur-Reply, he asserts that "[t]he Affidavits of Service and supporting documents therein, including the Enclosure Letter enclosing the original Complaint, speak for themselves," [Dkt. 60 at 1-2], making no mention of the inclusion of the summons.

As a result, Plaintiff tacitly admits his failure to serve the summons, or at the very least fails to show otherwise as he is required to do.  *See Howard v. Klynveid Peat Marwich Geordeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd* 173 F.3d 844 (2d Cir. 1999) (When a defendant challenges service of process, "the burden of proof is on the plaintiff to show the adequacy of service.").  Service was unquestionably defective as a result of Plaintiff's failure to serve a summons, warranting dismissal of the Complaint.  *See DeLuca*, 695 F. Supp. 2d at 66 ("There is no dispute that plaintiff's March 4, 2008 service, which included a copy of the complaint but no summons, was defective under Rule 4(c)."); *Osrecovery*, 234 F.R.D. at 61 (dismissing complaint where plaintiffs showed "a complete disregard for the requirement that a summons be served").

### b.  Not Received by Authorized Agent

Service of process was also insufficient because Plaintiff has failed to show that process was delivered to an authorized agent of Enviro Express.  The Federal Rules, rather than state law, control the proper method of effecting service.  *See Hanna*, 380 U.S. at 463-64.  Enviro Express is a corporation organized under the laws of the State of Connecticut.  *See* [Case 713, Dkt.  1 ¶ 8].  Plaintiff must therefore

comply with Rule 4(h), which provides two methods for serving a defendant corporation within a judicial district of the United States. *See* Fed. R. Civ. P. 4(h).

A corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporation may be served in accordance with the law of the state "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A) (authorizing service upon a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual"). Defendants suggest that Connecticut service law would apply while Plaintiff argues that Pennsylvania service law would apply. *See* [Dkt. 52 at 6; Dkt. 54 at 8-11]. Regardless of whether the Court applies the Federal Rule, Connecticut, or Pennsylvania laws for service on a corporation, service here was deficient.

The Connecticut rule governing service of a corporation allows for service to be made:

> either upon the president, the vice president, an assistant vice president, the secretary, the assistance secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against a private corporation established under the laws of any other state, any foreign country or the United States, service of process may be made upon any of the aforesaid officers or agents, or upon the agent of the corporation appointed pursuant to section 33-922.

Conn. Gen. Stat. § 52-57(c). Thus, the plaintiff must serve the corporation via someone with authority to accept service of process and service upon any other

person is inadequate. *See Nelson v. Stop & Shop Cos., Inc.*, 596 A.2d 4, 6 (Conn. App. Ct. 1991) (citing *Tarnopol v. Conn. Siting Council*, 561 A.2d 931 (Conn. 1989)). The plaintiff bears the burden of proving that the individual who received service meets the criteria required by the statute. *Id.* at 6-7 (citing *Standard Tallow Corp. v. Jowdy*, 459 A.2d 503 (Conn. 1983)).

Plaintiff asserts reliance on the applicable Pennsylvania rule for serving a corporation. *See* [Dkt. 54 at 10-11]. That rule provides that any of the following persons should be handed a copy of original process:

> (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424. In addition, Pennsylvania Rule of Civil Procedure 404 allows for service to be made outside of the Commonwealth in the manner provided by Rule 403. Rule 403 provides that "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his *authorized agent*." Pa. R. Civ. P. 403 (emphasis added). Thus, the Pennsylvania rules permit service by certified mail on an out of state defendant corporation via delivery upon a proper agent of the corporation. *McKinnis v. Hartford Life*, 217 F.R.D. 359 (E.D. Pa. 2003) (citing *Hemmerich Indus., Inc. v. Moss Brown & Co.*, 114 F.R.D. 31 (E.D. Pa. 1987)). The burden is on the plaintiff to show that service was made upon a proper agent. *Alloway v. Wain-Roy Corp.*, 52 F.R.D. 203, 204 (E.D. Pa. 1971) (citing *Smeltzer v. Deere and Co.*, 252 F. Supp. 552 (W.D. Pa. 1966)).

Plaintiff filed the Complaint on January 10, 2018. Plaintiff's Amended Affidavit of Service, filed on September 6, 2018, states that Defendant Enviro Express was served via certified mail as of February 5, 2018. [Dkt. 53 at 1]. Attached to Plaintiff's Affidavit of Service is a copy of an enclosure letter along with a United States Postal Service ("USPS") certified mail receipt and return receipt. [Dkt. 53 at 3-4]. The return receipt shows that the parcel was addressed to "Enviro Express, Inc." at an address in Bridgeport, Connecticut, and bears the receipt signature of "Ernest Newtown." [Dkt. 53 at 3]. The signatory did not check the "agent" box on the return receipt, *see id.*, and there is no information in the record indicating the relationship of "Ernest Newtown" with the Defendant corporation.

In its opposition brief, Plaintiff acknowledges the requirement that process by certified mail be "signed by an authorized agent." *See* [Dkt. 54 at 11]. But Plaintiff does not assert that "Ernest Newtown" was an authorized agent of Enviro Express or otherwise provide evidence that he held a position which would qualify under the statutes. Plaintiff provides no information whatsoever as to Ernest Newton's identity. Plaintiff thus failed to satisfy his burden of proving that service was made upon the proper agent of the corporation as required by the Federal Rule, Connecticut law, and Pennsylvania law.

The Court finds that service of process has not been validly effectuated on Defendant Enviro Express. *See Schaeffer v. Village of Ossining*, 58 F.3d 48, 49 (2d Cir. 1995) (affirming dismissal for failure to leave summons and complaint with person in position authorized to accept service on behalf of the defendant village

under Fed. R. Civ. P. 4(d)(6)).  Defendants' Motion to Dismiss for insufficient service of process as to Enviro Express is GRANTED.

### B.  Rule 12(b)(6) – Statute of Limitations

Defendants also argue that Plaintiff's action must be dismissed because it was not commenced within the statute of limitations.  In so arguing, Defendants suggest that Connecticut law should apply to determine when this action was commenced.  [Dkt. 52-1 at 7].  Under Connecticut law an action is commenced on the date the defendant is served.  *See Rana v. Ritacco*, 672 A.2d 946, 951 (Conn. 1996) ("This Court has long held that an action is brought once the writ, summons and complaint have been served upon a defendant.").  Defendant argues that the present action was not timely commenced because Defendant Enviro Express was served outside of the two-year period prescribed under Connecticut law.  *Id.* at 8-9.  In response, Plaintiff asserts that Pennsylvania law determines when this action was commenced, and, under Pennsylvania law, it was timely commenced when Plaintiff filed his action with the court on January 10, 2018.  [Dkt. 54 at 15-16].

Federal courts sitting in diversity look to state law to determine when an action is commenced for statute of limitations purposes.  *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980).  Federal courts in a district to which a case has been transferred for convenience under § 1404(a) generally should apply the law of the transferor state, so long as the transferor state could have properly exercised jurisdiction.  *See Van Dusen v.  Barrack*, 376 U.S. 612 (1964) (holding that, "where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of

venue"); *Gerena*, 617 F.3d at 204-05.  However, if a case is transferred under §
1406(a) because the original venue was improper, "the transferee court should
apply whatever law it would have applied had the action been properly commenced
there."  *Schaeffer*, 58 F.3d at 50 (quoting Wright & Miller, 15 *Fed. Prac. & Proc. Civ.*
§ 3827, at 267 (2d ed. 1986)).

Plaintiff filed this action in the Eastern District of Pennsylvania and
Defendants promptly moved to transfer venue to the District of Connecticut, where
the related actions were pending.  *See* [Case 713, Dkt. 1; Dkt. 2].  Defendants'
Motion to Transfer was styled as one for transfer under § 1404(a) for convenience
but also included a § 1406 improper venue argument.  *See* [Case 713, Dkt. 2-2 (Mem.
re Mot. Transfer) at 4-5].  Plaintiff moved to join the motion for transfer.  *See* [Case
713, Dkt. 3 (Mot. to Join)].  Thereafter, the court summarily granted the motion to
join and the motion to transfer without specifying under which statute the transfer
was ordered.  *See* [Case 713, Dkt. 4 (Order Granting "Defendants' Motion to
Transfer Venue Pursuant to F.R.C.P. 1404(a) (Doc. 2) and Plaintiff's Motion for
Joinder in Defendants' Motion")].

It is unclear whether venue was transferred under § 1404(a) or § 1406(a).
Further, it is unclear whether venue was proper in Pennsylvania.  In order to
determine which choice of law rules apply, this Court must evaluate whether
Pennsylvania was a proper venue.

In general, venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants
are residents of the State in which the district is located; (2) a judicial
district in which a substantial part of the events or omissions giving
rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Defendant Boahen is a citizen of Connecticut and Defendant Enviro Express is incorporated and has its principal place of business in Connecticut. [Case 713, Dkt. 1 ¶¶ 2-3]. The entirety of the events giving rise to Plaintiff's claims—the accident—occurred in Connecticut. *Id.* ¶¶ 11-17. Accordingly, under § 1391, venue is proper in Connecticut, but not in Pennsylvania. Because venue was not proper in Pennsylvania, this Court applies to law of the state in which it sits—Connecticut—"since the original venue, with its governing laws, was never a proper option."[7] *Gerena*, 617 F.3d at 204; *see also Schaeffer*, 58 F.3d at 49-50 (holding that the transferee district court, the Southern District of New York ("S.D.N.Y."), should have applied the S.D.N.Y. rule governing time for service of process rather than the transferor district's rule because venue was improper in the transferor district).

Connecticut law regarding commencement of an action and the statute of limitations applies. Connecticut law specifies a two-year statute of limitations for a personal injury negligence action. *See* Conn. Gen. Stat. § 52-584. Additionally,

---

[7] The Court also questions whether the Eastern District of Pennsylvania court had personal jurisdiction over Defendants given their apparent lack of connections to the state. A lack of personal jurisdiction would further call for application of Connecticut law. *See Gerena*, 617 F.3d at 205 (explaining that, if jurisdiction was not proper in the transferor court, the transferee court should have applied the law of state in which it sits). The Court need not conduct this analysis, and indeed cannot because it lacks the facts necessary, because it has found that venue was improper.

under Connecticut law, a civil action is commenced upon service on the defendant. *Rana*, 672 A.2d at 951 (Conn. 1996). Plaintiff did not commence his action by serving Defendants within the two-year statute of limitations and, as a result, his action was untimely, providing a second ground for dismissal.

III.    <u>Conclusion</u>

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED and Plaintiff Trifiletti's Complaint against Boahen and Enviro Express is DISMISSED. The Clerk is directed to terminate Trifiletti as a consolidated plaintiff and Kwame Boahen and Enviro Express, Inc. as consolidated defendants in this case.


IT IS SO ORDERED.


_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: this 19th day of February 2019.