IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KWAME BOAHEN,                              :
  Plaintiff / Counter Defendant           :
                                                 :

v.                                        :        No.  3:18-cv-00171 (VLB)
                                                 :        April 16, 2019

PHILLIP TRIFILETTI, UPS GROUND           :
FREIGHT, INC.,                            :
  Defendants / Counterclaimants.          :

## MEMORANDUM OF DECISION GRANTING TRIFILETTI'S MOTION TO AMEND COUNTERCLAIM [DKT. 76]

Before the Court is a motion by Defendant / Counterclaimant Phillip Trifiletti to amend his Counterclaim.  For the reasons set forth below, the Court GRANTS the motion to amend.

## I.  Background

On January 12, 2016 in the early morning, Plaintiff Kwame Boahen's ("Boahen") vehicle, belonging to Enviro Express, Inc. ("Enviro"), became disabled as he was driving north on Interstate 95. [Dkt 1, attached complaint at ¶ 5; hereinafter "Compl."].  He parked his vehicle on the right shoulder between Exits 70 and 71 in Old Lyme, Connecticut. [Compl. ¶ 6].  Phillip Trifiletti ("Trifiletti") was also traveling north on Interstate 95 that morning, in a tractor trailer belonging to UPS Ground Freight, Inc. ("UPS"), and a collision occurred between his vehicle and Boahen's vehicle.  [Compl. ¶¶ 4, 6].  All parties involved filed suit against others seeking damages for the injuries caused by the collision.

On January 16, 2018, Boahen filed his Complaint against Trifiletti and UPS in Connecticut Superior Court, alleging negligence claims arising out of the collision.  On January 30, 2018, this case was removed pursuant to 28 U.S.C. §§ 1441 and 1446 to the

1

federal district court for the District of Connecticut. *See* [Dkt. 1 (Notice of Removal)].

Trifiletti and UPS filed counterclaims against Boahen shortly thereafter. *See* [Dkt. 10

(UPS An. & Countercl.); Dkt. 11 (Trifiletti An. & Countercl.)]. In April 2018, the case was

consolidated with two other actions arising out of the same accident—a suit brought by

the UPS parties[1] against Boahen and Enviro and a suit brought by Trifiletti against

Boahen and Enviro.[2]

On September 19, 2018, the Court denied Boahen's motion to dismiss Trifiletti's

and UPS's counterclaims and granted Boahen and Enviro's motion to dismiss the UPS

parties' complaint. [Dkt. 58]. On February 19, 2019, the Court granted Boahen and

Enviro's motion to dismiss Trifiletti's complaint for failure to timely and properly serve

the complaint and summons. [Dkt. 72]. Trifiletti now seeks leave to amend his

counterclaim in the original suit, not to add any new claims or parties, but to plead the

extent of his injuries and seek monetary damages. [Dkt. 76 at 6-8]. Boahen opposes the

motion to amend. [Dkt. 80].

II. <u>Legal Standard</u>

Federal Rule of Civil Procedure 15(a)(2) provides that the Court should freely give

leave to amend pleadings when justice so requires. The Supreme Court has

emphasized that this mandate must be heeded. *Foman v. Davis*, 371 U.S. 178, 182

(1962). "In the absence of any apparent or declared reason—such as undue delay, bad

---

[1] **The action, case no. 3:18-cv-0075, was brought by LM Insurance Corporation, as Subrogee of UPS Supply Chain Solutions, Inc. and UPS Ground Freight, Inc., Helmsman Management Services, LLC, as Third-Party Administrator for UPS Supply Chain Solutions, Inc. and UPS Ground Freight, Inc., UPS Supply Chain Solutions, Inc. and UPS Ground Freight, Inc.**
[2] **Case no. 3:18-cv-00713.**

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* The grant or denial of leave to amend is within the discretion of the district court. *Id.* "The court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).

The Second Circuit has held that "[d]elay alone unaccompanied by . . . a declared reason does not usually warrant denial of leave to amend." *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F. 3d 230, 234-35 (2d Cir. 1995); *see also State Teachers Retirement Bd. v. Fluor Corp.*, 654 F. 2d 843, 856 (2d Cir. 1981) ("Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend); *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (holding that a three-year delay from filing of the original pleading was "an inadequate basis for denying a motion to amend" because "unless the motion either was made in bad faith or will prejudice defendant, delay by itself is not enough to deny the requisite relief"). A court may find that undue prejudice exists "when extensive additional discovery would be required, when further proceedings would be delayed significantly, or where an imminent danger exists that the moving party seeks to force a favorable settlement by abusive use of the discovery process." *Naglieri v. Bay*, 977 F. Supp. 131, 136 (D. Conn. 1997). "[T]he longer the period of an unexplained delay, the less will be

required of the nonmoving party in terms of showing prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

The burden of showing these factors under Fed. R. Civ. P. 15(a) falls on the party opposing the motion. *See Holmes v. Grubman*, 568 F.2d 329, 335-336 (2d. Cir. 2009); *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). But when a district court sets a scheduling order "limiting the time to make such amendments," Federal Rule of Civil Procedure 16(b) requires that "scheduling orders 'shall not be modified except upon a showing of good cause'" by the moving party. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d. Cir. 2000). "A finding of 'good cause' depends on the diligence of the moving party." *Id.* at 340 (citing *In re Milk Prods. Antitrust Litig*, 195 F.3d 430, 437 (8th Cir. 1999)). District courts "may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

III. <u>Discussion</u>

The Court set pretrial deadlines in a January 30, 2018 Order, requiring that amended pleadings be filed by March 31, 2018. *See* [Dkt. 5]. On May 15, 2018, the parties' filed their joint Rule 26(f) Report, in which they agreed the deadline for motions to amend would be 60 days after a decision on Boahen's then-pending motions to dismiss Trifiletti's and UPS's counterclaims and the UPS parties' complaint, *see* [Dkt. 42 at 6], which the Court ruled on in September 2018. *See* [Dkt. 58].[3] Trifiletti's motion to amend,

---

[3] The Court did not mention a pleading amendment deadline in the Scheduling Order it entered following evaluation of the parties' Rule 26(f) Report.

filed February 28, 2019, is untimely under both of these deadlines and he must therefore show good cause to modify the deadline under Rule 16(b)(4). *See BPP Illinois, LLC v. Royal Bank of Scotland Group PLC*, 859 F.3d 188, 195 (2d Cir. 2017) (citing *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009)). This means that the Court must balance the lenient standard under Rule 15(a), which provides that leave to amend shall be freely given, with the Rule 16(b) requirement that the Court's scheduling order will not be modified except upon a showing of good cause. *Id.*

Trifiletti seeks to amend his counterclaim to plead specific injuries and modify his prayer of relief to include money damages in light of the fact that his direct action against Boahen and Enviro has been dismissed and thus his original avenue for seeking such damages is no longer viable. [Dkt. 76 at 8]. Trifiletti argues that he has shown good cause to amend by promptly seeking leave following the dismissal of his complaint and that granting leave will not prejudice Boahen. *Id.* at 9-11. Boahen argues that allowing amendment would be prejudicial and that Trifiletti fails to show good cause to amend because the defect he now seeks to amend has existed since he filed his counterclaim in February 2018. [Dkt. 80 at 8-10].

Good cause largely depends on the diligence of the moving party in seeking to amend. *Kassner*, 496 F.3d at 243 (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000)). Boahen contends that Trifiletti was not diligent in moving to amend his counterclaim because it was filed over a year after filing the counterclaim and months after the November 18, 2018 deadline to do so included in the Rule 26(f) Report. [Dkt. 80 at 6-7]. But, as Trifiletti points out, he filed the motion for leave to amend within three months of the deadline set by the Rule 26(f) report and within ten days of the Court's

decision dismissing his complaint against Boahen and Enviro. *See* [Dkt. 76 at 11]. Up until that dismissal, Trifiletti did not have reason to amend his counterclaim against Boahen (which separate counsel was handling). The Court's September rulings on the motions to dismiss had no impact on Trifiletti's claims and therefore reasonably did not prompt him to seek amendment. Based on these facts, the Court concludes that Trifiletti was diligent in seeking to amend and thus has shown good cause.

Boahen also argues that amendment at this point will prejudice him because what used to be a defensive counterclaim will be converted to an offensive counterclaim requiring additional efforts to oppose. [Dkt. 80 at 10-11]. The Court finds this argument unpersuasive. Trifiletti requests very limited amendment to his counterclaim—adding more specific allegations of his injuries and a prayer for money damages in the amount of $150,000. [Dkt. 76, at 6-8; Dkt. 11, ¶¶ 13, 35, 36, 45]. Boahen has had notice of Trifiletti's injuries and intent to seek damages since at least February 26, 2018, when he and Enviro moved to transfer Trifiletti's action against them from the Eastern District of Pennsylvania to the District of Connecticut. Allowing amendment of the counterclaim to reflect the injuries and claim for relief originally included in Trifiletti's complaint against Boahen and Enviro will not change the litigation landscape for Boahen in any significant way— Boahen was already conducting the discovery and litigating the claim in relation to Trifiletti's complaint and, had the Court not dismissed that complaint on procedural grounds, Boahen would be continuing to do so. Thus, amendment will not require significant unexpected discovery and, with over a month until the discovery deadline, Boahen has sufficient time to pursue any additional discovery he deems appropriate.

Furthermore, the Court notes that Trifiletti's complaint was dismissed due to a procedural error, not on the merits, and thus allowing Trifiletti to pursue his claim via the counterclaim is in the interest of justice. This amendment does not add new parties or significant new facts but only supplements the counterclaim to account for the dismissal of Trifiletti's complaint against Boahen. *See Team Management, Inc. v. Filmline Technologies, Inc.*, Civ. No. 3:92-647 (JAC), 1994 WL 91871, at *1 (D.Conn. 1994) (holding that the plaintiff's amendment to request damages "are relatively minor adjustments, do not entail a new set of operative facts, and are not in any way unreasonable."). Thus, the Court holds that Trifiletti has shown good cause for amending beyond the deadline to do so and allowing the requested amendment will not prejudice or otherwise harm Boahen.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant Trifiletti's Motion to Amend his Counterclaim, Dkt 76. The Amended Counterclaim filed by Trifiletti at Dkt. 77 is the operative pleading.

IT IS SO ORDERED.

_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: this 16th day of April 2019.